IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KYLE DAVID EVENSON,<br><br>Defendant. | CR-23-24-BLG-SPW<br><br>ORDER |

Before the Court is Defendant Kyle David Evenson's Motion to Dismiss Indictment. (Doc. 23). Evenson argues that, pursuant to Fed. R. Crim. P. 12(b)(1), his indictment for being a prohibited person in possession of a firearm under 18 U.S.C. § 922(g)(3) and § 922(n) must be dismissed because those statutes unconstitutionally infringe upon Evenson's rights under the Second Amendment of the Constitution. (Doc. 24 at 6). The Government responds that the sections have not been abrogated by the U.S. Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), and that binding Ninth Circuit precedent requires a finding of constitutionality. (Doc. 25). Evenson did not file a reply. For the following reasons, the motion is denied.

I. **Background**

Evenson is charged by indictment on two counts: violation of 18 U.S.C. § 922(g)(3) – Unlawful Drug User in Possession of a Firearm; and violation of 18

1

U.S.C. § 922(n) – Illegal Receipt of a Firearm by a Person under Indictment. (Doc. 1).

Rule 12(b)(1) of the Federal Rules of Criminal Procedure provides that a party may raise by pretrial motion any defense, objection, or request that the Court can determine without a trial on the merits. A pretrial motion is proper when it involves questions of law rather than fact. *United States v. Shortt Acct. Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). The Court has determined Evenson's motion is appropriate for pre-trial resolution because it solely involves a question of law.

## II.   Analysis

In *Bruen*, the Supreme Court held that the Second Amendment protects an individual's right to carry a handgun for self-defense outside the home, and rejected the means-end scrutiny test that courts of appeals had been applying when assessing the constitutionality of firearms regulations. 142 S. Ct. at 2122, 2127. Instead, the Court held, a court must apply "[t]he test that we set forth in *Heller*" and "assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.* at 2131 (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008)). The Government has the burden to demonstrate such consistency. *Id.* at 2126, 2133. The Government does not need to point to an identical statute but only a "representative historical analogue." *Id.* Importantly, in a concurring opinion, Justice Kavanaugh, joined by the Chief

2

Justice, agreed with the Court's opinion in full but "underscore[d]" that "the Second Amendment allows a 'variety' of gun regulations," and that nothing the Court's opinion "'should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill[.]" *Id.* at 2162 (quoting *Heller*, 554 U.S. at 626, 636). *Accord McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill ....' *Heller*, 554 U.S. at 626-27. We repeat those assurances here.").

In February 2023, this Court denied a nearly identical challenge under *Bruen* to the same statutes at issue here. *United States v. Stennerson*, CR 22-139-BLG-SPW, 2023 WL 2214351 (D. Mont. Feb. 24, 2023). In its Order, the Court explained that two other courts in this district had determined that *Bruen* did not effectively overrule prior precedent regarding gun-ownership prohibitions on certain persons because Ninth Circuit caselaw applying *Heller*—*United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2011)—is not "clearly irreconcilable with the reasoning or theory of intervening higher authority," namely *Bruen*. *Id.* at *2 (discussing *United States v. Boyd*, CR 20-121-DLC-1, at *6 (D. Mont. Jan. 25, 2023); *United States v. Butts*, CR 22-33-M-DWM, __ F. Supp. 3d __, 2022 WL 16553037, at *3-4 (D. Mont. Oct. 31, 2022)). *Vongxay* did not apply the means-end scrutiny rejected by *Bruen*,

3

which would render *Vongxay* clearly irreconcilable with *Bruen*. Rather, it applied *Heller* to conclude that the felon dispossession statute—§ 922(g)(1)—is constitutional because it is consistent with longstanding limitations on gun possession and because "the right to bear arms does not preclude laws disarming the unvirtuous citizens (i.e. criminals) ..." *Vongxay*, 594 at 1118 (citing Don B. Kates, Jr., *The Second Amendment: A Dialogue*, 49 Law & Contemp. Probs. 143, 146 (1986)).

As *Stennerson* explains, the Ninth Circuit, applying *Heller*, also concluded that habitual drug users in possession of firearms pose the same dangers as felons and the mentally ill, so § 922(g)(3) is constitutional. *United States v. Dugan*, 657 F.3d 998, 999-1000 (9th Cir. 2011). The Court is bound to *Vongxay* and *Dugan* because they neither have been explicitly overruled nor are clearly irreconcilable with the Supreme Court's decision in *Bruen*. Accordingly, the Court holds that § 922(g)(3) is constitutional. Further, although § 922(n)'s constitutionality has not been squarely addressed by higher courts, the Court reaffirms its conclusion that § 922(n)'s prohibition on persons under indictment from acquiring firearms "is underpinned by the same considerations as felons in possession: each stand for the principle that unvirtuous persons [may] be disarmed (in this case, temporarily), while the case is pending." *Stennerson*, 2023 WL 2214351, at *2.

Evenson does not address *Stennerson* in his opening brief and does not file a reply, despite the Government citing to it in its response as on point. (Doc. 25 at 2). Evenson's only argument mirrors that raised in *Stennerson*—that no "distinctly similar historical regulation[s]" exist as to § 922(g)(3) and § 922(n), so the Government cannot meet its burden and the Court must find that both sections are unconstitutional. (Doc. 24 at 6). Since *Stennerson* squarely addresses Evenson's challenge, the Court re-affirms its holding and finds that § 922(g)(3) and § 922(n) are constitutional under *Bruen*.

## III. Conclusion

For these reasons, IT IS SO ORDERED that Defendant Kyle David Evenson's Motion to Dismiss Indictment (Doc. 23) is DENIED.

DATED this 12th day of June, 2023.

*/s/ Susan P. Watters*
SUSAN P. WATTERS
U.S. DISTRICT COURT JUDGE